Archibald O. Wemple, J.
On the trial, the plaintiff established her legal status as a licensed practical nurse. Through her testimony and that of her husband, Anthony J. Estenes, the plaintiff endeavored to prove a cause of action for services performed at the request of the deceased wife of the defendant, for which she claims a promise to pay was made by the said deceased.
Section 347 of the Civil Practice Act, which restricts the admission of testimony of a witness as to conversations and transactions between said witness and the deceased, played an important part in limiting the proof of counsel in this action. Testimony by the plaintiff as to direct conversations and transactions with the deceased was, of course, excluded by the court.
Under section 347, the law very properly requires such a ruling because the deceased is unable to be present to contradict such statements. Such limitation, at the same time, creates great difficulty in proof for a claimant such as the plaintiff herein.
Over the objection of the defendant’s counsel, the plaintiff’s husband was permitted to testify as to conversations and transactions with the deceased in which he was an observer or participant. Later the defendant himself took the stand and categorically denied that services were rendered by the plaintiff as claimed by her and further denied that there was ever any “hiring ” of the plaintiff by the defendant’s deceased wife.
By his testimony the defendant may have opened the door as to further proof on the point of the “ hiring,” but further evidence was not adduced in rebuttal.
*749 The court has carefully reviewed the evidence. At best, the testimony indicates that the plaintiff did provide some care for the deceased wife of the defendant during a period from November 14, 1955 to the date of her death in May, 1956. The plaintiff’s testimony, however, is not clear and convincing as to whether such services were performed out of a motivation of friendship, or out of a specific contract. On this point, Mr. Estenes testified that “Mrs. McCaughin wanted Mrs. Estenes to take care of her. She really did not have another friend in the world. She. said she would settle up and that she had her own money in the bank.” He generalized in stating that Mrs. Estenes spent a lot of time there between the dates mentioned and was never paid for said services. The cumulative effect of all the testimony failed to establish the elements of a contractual obligation.
The burden of proof is upon the plaintiff to establish that a contract was made, and that the plaintiff rendered specific services for which she was legally entitled to recover. The plaintiff has failed in her proof to establish: 1) the contract; 2) the performance of the specific services alleged in the complaint; 3) the legal obligation to pay for such services; and 4) the value of same.
The court will not inject a consideration and a promise to pay where none is found in the proof. If the services were gratuitously performed in a spirit of friendship or neighborliness, as worthwhile and commendable as the spirit may be in such rendition, there is no legal responsibility arising therefrom.
The decision of the court is no cause of action, and judgment accordingly.
Submit order.